UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ELIAS PIZANO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC FANNING, *Secretary of the* )<br>*Department of the Army*, and the )<br>DEPARTMENT OF THE ARMY )<br>)<br>Defendant. ) | Case No. 4:17-cv-04006-SLD-JEH |

ORDER

Before the Court is a Motion to Dismiss, ECF No. 7, by Defendant Eric Fanning, Secretary of the Department of the Army ("the Army")[1] the Title VII claim of Plaintiff Elias Pizano. Also pending is Defendant's Motion for Leave to File a Reply Brief, ECF No. 10. For the following reasons, the Army's motion for leave to file the reply brief and motion to dismiss are GRANTED and the complaint is DISMISSED.

BACKGROUND[2]

Pizano is a resident of Rock Island, Illinois who has worked for the Department of the Army for over a decade as a General Engineer with the United States Army Armament and Research Development and Engineering Center ("ARDEC"). Pizano is a Mexican American of Hispanic descent. Beginning in the summer of 2005, Pizano began to receive comments about his accent and pronunciation from one of his supervisors, Mary Crossen. In 2008, Crossen did

---

[1] Plaintiff has named in his caption Eric Fanning, the former Secretary of the Department of the Army. Fanning has since been replaced by Robert M. Speer; pursuant to Federal Rule of Civil Procedure 25(d), the Court may proceed despite the misnomer, but any future proceedings "should be in the substituted party's name." Fed. R. Civ. P. 25(d).
[2] For the purpose of resolving a motion to dismiss, the factual allegations in a plaintiff's complaint are assumed to be true. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Therefore, unless otherwise noted, the facts set forth here are drawn from Pizano's Complaint, ECF No. 1.

1

not select Pizano to fill either of two Branch Chief positions for which Pizano was qualified. On July 2, 2013, Crossen directed Pizano not to report discrimination to the ARDEC Director, Dr. Melendez. Crossen denied making any comments about Pizano's accent or pronunciation in an evaluation of Pizano on July 31, 2013. That same day, Crossen requested that Pizano not mention his discrimination concerns to Jeff Dyer, Crossen's supervisor, because it would result in both of them being disciplined. Beginning in August 2013, Crossen avoided communication with Pizano in the workplace and excluded him from team meetings, even on projects he was leading. Pizano alleges that meetings were moved so that he could not attend, despite the fact that he was acting chief of staff. In May 2014, Dyer told Pizano that he should not have gone to Dr. Melendez with his concerns about discrimination. Pizano alleges that Daryll Wyand "began to retaliate against him" in June 2015 after he questioned the authority of acting branch chiefs to approve leave. Compl. ¶ 18. Pizano claims that between November 2015 and May 2016, he was excluded from opportunities to meet with customers, participate in the composition of a handbook, or take a position as acting supervisor.

On May 9, 2016, Pizano made initial contact with an Equal Employment Opportunity Officer in the Army. Formal Compl. of Discrim. 2, Defs.' Ex. 1, ECF No. 8-1; Pl.'s Resistance Mot. Dismiss ("Resistance") 3, ECF No. 9. The Complaint in the instant federal case was filed on January 10, 2017. *See* Compl. Pizano alleges that the Department of the Army dismissed Pizano's Formal Complaint on March 9, 2017, pursuant to a provision of Title VII directing an agency to dismiss an administrative complaint if 180 days has passed and the complainant has filed a civil action on the basis of that complaint. Resistance 2.

Elias brings a race and national origin discrimination claim pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–1-17, as well as a Title VII retaliation claim, *id*. at

§ 2000e-3, and alleges that he has exhausted his administrative remedies after filing a formal complaint of discrimination with the Department of the Army on June 20, 2016. Compl. ¶ 4. The Army has filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Pizano did not allow the full, statutorily mandated 180 days for the agency to investigate, that some of the alleged incidents of discrimination are time-barred because Pizano did not file timely complaints with an Equal Employment Opportunity counselor, and, in any case, that Pizano has not stated a claim under a theory of either race discrimination or retaliation. Defs.' Mem. Supp. Mot. Dismiss 14 – 15, ECF No. 8.

## DISCUSSION

### I. Standard of Review

A court will dismiss a complaint if it does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The pleader's claim must be facially plausible, meaning that the factual allegations allow the court to draw a "reasonable inference" that the purported misconduct occurred. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint does not need to anticipate affirmative defenses in order to survive the motion to dismiss phase. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). However, when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely," the complaint may be dismissed. *Id.* "A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so." *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). As long as those documents are

"referred to in the plaintiff's complaint and are central to [his] claim," they are "considered part of the pleadings." *Id.*

## II. Administrative Exhaustion

The Army argues that Pizano did not comply with the necessary preconditions for filing a Title VII lawsuit—in particular, that Pizano removed his claim from administrative review too early, before the end of the 180-day period allotted to the Army for review of the claim. Pizano disagrees, arguing inconsistently about when the formal complaint was filed. Pl.'s Resistance 1–2. Further, the Army argues that Pizano failed to file complaints on several alleged "discrete acts" of discrimination, and therefore did not comply with other preconditions to suit that require a report to an equal opportunity officer within 45 days of occurrence. Def.'s Mem. Supp. Mot. Dismiss 9–11.

Title VII prohibits discrimination by any employer, including the federal government, "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a); § 2000e-16. "The "exhaustion of administrative remedies is required when the Title VII plaintiff is a federal employee." *Doe v. Oberweis Dairy*, 456 F.3d 704, 712 (7th Cir. 2006). Before a claimant may file a Title VII suit in district court, he must fulfill certain preconditions to suit, including initiating contact with an equal opportunity counselor within 45 days of the alleged discriminatory matter or personnel action, 29 C.F.R. § 1614.105(a)(1), and filing an initial charge with an equal opportunity officer at his agency employer. *See* 42 U.S.C. § 2000e–16(c). The preconditions do not, however, "require that a claimant wait for a lagging agency," *Reynolds v. Tangherlini*, 737 F.3d 1093 (7th Cir. 2013); rather, a claimant who waits more than 180 days after filing his initial charge to receive a decision from his agency may file

suit. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407(b). The 180-day administrative review period is vital for protecting the agency's ability to reach an administrative remedy: "[i]f plaintiffs could sue before then, the time of the courts and of lawyers would be wasted with cases that ended up being resolved or abandoned at the administrative level." *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003).

A claimant's failure to exhaust his administrative remedies is an affirmative defense, not a jurisdictional requirement, and therefore the defense is "subject to the doctrines of 'waiver, estoppel, and equitable tolling.'" *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). Jumping the gun by filing too early does not require dismissal with prejudice, but it is grounds for dismissal of a claim. *Hill*, 352 F.3d at 1145–46.

The Court first addresses the filing of the present federal suit. Though Pizano, at two important junctures, fails to attach exhibits to which he refers in his pleadings, the Court is able to assess the allegations via the complaint and Pizano's response to the motion to dismiss, as well as through documents attached by the Army and incorporated as part of the pleadings.[3] Pizano filed his lawsuit on January 10, 2017. Pizano alleges in his complaint that he filed his Formal Complaint of Discrimination with the Army on July 20, 2016, and that Equal Employment Opportunity Officer ("EEO Officer") Tina Hawkins replied on July 22, 2016. Compl. ¶ 4. Calculated from July 20, 2016, the 180 days for administrative review passed on January 16, 2016, and therefore a complaint filed on January 10, 2017, as Pizano's was, would be too early. However, in his *response* to the motion to dismiss, Pizano alleges a new factual

---

[3] In his Resistance to the Motion to Dismiss, Pizano refers to a "March 7, 2017 letter" from Tina Hawkins, as well as a "March 9, 2017 letter" from Tina Hawkins, Pl.'s Resistance 2, one of which he claims to have attached to the memorandum as an exhibit and "made part of" the response. *Id.* No such letter was attached or ever produced to the Court by Pizano. The Army provided a letter, dated August 3, 2016, in its Reply to Plaintiff's Response, ECF No. 10-1, which includes the exact language quoted by Pizano. Because Pizano quotes the language of the letter and incorporates it into his pleadings, and because the relevant information is obvious on the face of the Formal Complaint of Discrimination, the Court may consider the document on a motion to dismiss. *See Venture Assoc. Corp.*, 987 F.2d at 431.

5

scenario: that his claim was filed on June 20, 2016, meaning that a complaint filed on January 10, 2017 would have been timely filed after the 180-day period. This interpretation of the dates, based on a letter that Pizano quotes, yet fails to attach as an exhibit, does not add up. The Army directs the Court's attention to the August 3, 2016 letter it produced from EEO Officer Hawkins; particularly, it points to the sentence in the letter immediately preceding the sentence containing the reference to June 20, 2016. It reads as follows: "This refers to your client's formal complaint of discrimination filed on July 20, 2016. The receipt date is July 20, 2016 and deemed filed on July 20, 2016." Aug. 3, 2016 Letter from Tina L. Hawkins. By the terms of the letter itself, the complaint was deemed filed on July 20, 2016.

Additionally, Pizano's Formal Complaint of Discrimination, the Army form in which a claimant explains the facts and circumstances of alleged discrimination, is dated July 20, 2016. According to that form, which, notably, was filled out by the same counsel representing him in this matter, Pizano did not receive the right to file his Formal Complaint until July 8, 2016, making it highly unlikely that it was filed on June 20, 2016, more than two weeks earlier. Additionally, the Word document attached to the Formal Complaint and containing Pizano's allegations of discrimination is dated July 19, 2016.

Unlike the plaintiff in *Gibson v. West*, 201 F.3d at 994, Pizano does not argue that he erroneously relied on the June 20, 2016 date—the makings of an argument for equitable tolling or estoppel; he only points out that the Army letter states the June 20, 2016 date and asks the Court to accept it. By changing his tune to allege that the Formal Complaint was filed on June 20, 2016, Pizano appears to claim either that he broke the bounds of space and time to file his complaint on June 20, 2016, after receiving permission to file on July 8, 2016; or, alternatively, that every other date on his Formal Complaint paperwork is erroneous, while the June 20, 2016

date is the only correct date. Pizano's failure to wait the full 180 days to receive the results of the Army's formal investigation is grounds for dismissal. *See Gibson v. West*, 201 F.3d at 993–94; *Jones v. Ashcroft*, 321 F.Supp.2d 1 (D.D.C 2004) (finding that dismissal without prejudice was appropriate, despite equitable concerns about "delay and useless paperwork," when plaintiff filed suit before allowing administrative appeal full 180-day time period, particularly because plaintiff had counsel in the proceeding).

Because Pizano terminated the Army review of his claims before the 180-day administrative review period ended, the Court finds that he failed to exhaust his administrative remedies and therefore need not address the parties' other arguments.

CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF No. 7, is GRANTED. The Complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE.

Entered this 9th day of August, 2017.

                                                  s/ Sara Darrow
                                                  SARA DARROW
                                                  UNITED STATES DISTRICT